UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KANL, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.: 3:13-CV-265-TAV-CCS |
| SAVAGE SPORTS CORPORATION; and EXTREME TECHNOLOGIES, INC. (d/b/a BOWTECH, DIAMOND ARCHERY and WATERDOG SURFACE TECHNOLOGIES), | ) ) ) ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Doc. 14], in which defendants Savage Sports Corporation ("Savage") and Extreme Technologies, Inc. ("Bowtech") move the Court to transfer the case to the United States District Court for the District of Oregon. Plaintiff has filed a response in opposition to the motion [Doc. 22], and defendants have filed a reply [Doc. 23]. Both parties submitted multiple exhibits and declarations as well [Docs. 15, 16, 17, 22-1, 22-2, 22-3, 24, 25]. For the reasons set forth below, defendants' motion [Doc. 14] will be **GRANTED** and this case will be **TRANSFERRED** to the United States District Court for the District of Oregon.

## I.     Background

This case involves United States Patent No. 7,383,834, owned by plaintiff, "entitled Compound Bow With Improved Riser," which is directed to a novel compound bow design ("the '834 Patent" or the "patent-in-suit") [Doc. 1 ¶ 8; Doc. 22]. Plaintiff has accused defendants of infringing the '834 Patent by "making, using, offering to sell, and selling compound bows embodying the patented invention, which include compound bows featuring an 'In Velvet' exterior finish" [Doc. 22].

Plaintiff "is a limited liability company organized and existing under the laws of the State of Tennessee" and has a business address in Knoxville, Tennessee [Doc. 1 ¶ 8]. Plaintiff was founded by Linda Budd and Kirk Kimball, wife and brother-in-law to David Budd, the inventor of the patent-in-suit, and only has its founders as employees [Doc. 22].

Defendant Bowtech is headquartered in Eugene, Oregon, and has no presence in Tennessee other than having some of its products sold there by independent distributors [Doc. 14]. The products that plaintiff alleges infringe on its patent "were designed and manufactured in Eugene, under license from a patentee who is based in Connecticut" [*Id.*]. Defendant Savage Sports Corporation ("Savage") is a Delaware corporation with its principal place of business in Massachusetts [*Id.*]. "Savage was formerly a parent of Bowtech, but has nothing to do with the archery business" [*Id.*]. It also has no presence in Tennessee other than having its products sold within the state through independent distributors [*Id.*].

Plaintiff filed this action asserting a cause of action for patent infringement. Plaintiff claims that defendants had been actively inducing others to infringe its patent, had been contributing to infringing its patent, and that their actions were done "willfully with knowledge of, or reason to know, that they violate[d] plaintiff's rights" under the patent [Doc. 1 ¶¶ 15–16]. Plaintiff seeks preliminary and permanent injunctive relief against defendants to enjoin them from any further continued, contributory, and induced infringement of its patent [Doc. 1]. Plaintiff also requests treble damages, interest on damages, and court costs and attorneys' fees for defendants' infringement because of the "willful and wanton nature of Defendants' conduct" [*Id.*]. In response to plaintiff's complaint, defendants filed an answer and counterclaims [Doc. 13], as well as the present motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [Doc. 14].

**II.    Standard of Review**

A district court has broad discretion in considering a motion to transfer under 28 U.S.C. § 1404(a). *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (stating that "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness."). The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In making a determination under this statute, the district court must first decide whether the claim could have been brought in the transferee

district. 28 U.S.C. § 1404(a). The court must next consider and balance all of the relevant factors to resolve whether the litigation in question would proceed more conveniently and whether the interests of justice would be better served through transfer to a different forum, thereby requiring a highly contextualized and case-specific inquiry. *Stewart Org.*, 487 U.S. at 29.

The defendant bears the burden of proving that there is an alternative venue that is proper and that the "convenience of the parties and witnesses, and the interest of justice, warrant transfer." *McKee Foods Kingman v. Kellogg Co.*, 474 F. Supp. 2d 934, 936 (E.D. Tenn. 2006). "These burdens are significant. Courts should not disturb a plaintiff's choice of forum unless the defendant makes substantial showings of convenience and justice." *Id*. (citing *Hoffman v. Blaski*, 363 U.S. 335, 365–66 (1960)).

Within the Sixth Circuit, district courts consider several factors:

> (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and the events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*Mardini v. Presidio Developers, LLC*, No. 3:08-CV-291, 2011 WL 111245, at *6 (E.D. Tenn. Jan. 13, 2011); *see also Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (noting that "a district court should consider the private interests of the parties

including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interest of justice'" in a § 1404(a) analysis). "In short, the Court may consider any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "If the court determines that the 'balance between the plaintiff's choice of forum and the defendant's desired forum is even, the plaintiff's choice of [forum] should prevail.'" *B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 931 (W.D. Tenn. 2013) (alteration in original) (quoting *Stewart v. Am. Eagle Airlines, Inc.*, No. 3:10-00494, 2012 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010)); *see, e.g.*, *Mardini*, 2011 WL 111245, at *7 (noting that a motion to transfer is proper when the balance of factors weigh "strongly in favor of transfer" (quotations omitted)).

**III.    Analysis**

In support of their motion to transfer venue, defendants argue that "Tennessee has no meaningful interest in this lawsuit" [Doc. 14]. In support, defendants submit that "[s]ubstantially all of the witnesses and documents relating to the allegations in the complaint are in Oregon, not Tennessee" [*Id.*]. Additionally, defendants argue that other than plaintiff's presence in Tennessee, there is no tie to the state [*Id.*].

In response, plaintiff argues that defendants have not offered sufficient evidence to show that their proposed venue is more convenient as a whole than plaintiff's choice of forum [Doc. 22]. Rather, transferring the case from Tennessee to Oregon would merely shift inconvenience from one party to another [*Id*.]. In particular, plaintiff argues that defendants' witnesses are primarily employee-witnesses and thus, they are not given as much consideration as third-party witnesses [*Id*.].

As an initial mater, there appears to be no dispute that this action could have originally been filed in the District of Oregon, satisfying the requirement that the action could have been filed in the transferee. 28 U.S.C. § 1404(a). Upon review of the relevant factors in this case and the arguments of the parties, the Court concludes that defendants have met their burden of showing that transfer of the action is appropriate.[1]

### A.   Convenience of the Witnesses

Defendants argue that transfer to the District of Oregon is warranted because of the convenience of both party and non-party witnesses [Doc. 14]. As defendant Bowtech is headquartered in Oregon, defendants submit that all of their potential witnesses testifying from Bowtech are located in Oregon, which would make travel to the Eastern District of Tennessee inconvenient [*Id*.]. Plaintiff argues in response that defendants have not shown any non-party witnesses that will be inconvenienced if the case were not

---

[1] In its analysis, the Court does not address the factor weighing each judicial forum's familiarity with the governing law. Both parties agree that this factor is inapplicable as this is a patent case under federal law that will be familiar to the courts in both forums [*See* Doc. 14; Doc. 22].

transferred to Oregon [Doc. 22].[2]  In addition, plaintiff submits that it intends to present several non-party witnesses located close to the Eastern District of Tennessee, including independent Tennessee dealers, to testify about the sale of the accused devices [*Id*.]. Plaintiff specifically references the named inventor to the patent in the suit, David Budd, who "strongly prefers the case to be held in Tennessee" [*Id*.].  In reply, defendants argue that a significant non-party witness, Mr. Pezzoni—Bowtech's CEO during the time the accused bows were designed, manufactured, and sold—resides in Oregon and is no longer employed by Bowtech [Doc. 23].

As this Court has previously noted, considerations of the convenience of witnesses "is often considered to be the most important factor when determining which forum is the most convenient."  *Mardini*, 2011 WL 111245, at *7.  In order to show that another district is more convenient for witnesses, a party must do "more than simply assert that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district."  *B.E. Tech.*, 2013 WL 3724950, at *4 (quotations omitted).  In addition to showing inconvenience of witnesses, the party seeking transfer must also provide

---

[2] Plaintiff also argues that the accused bows were manufactured on license from Ralph Mancini who resides in Connecticut and that Savage has its principal place of business in Massachusetts; therefore, there are witnesses that would have to travel regardless of where the case is held, and Tennessee is geographically more reasonable than Oregon [Doc. 22]. To the extent the Court considers this argument, defendants argue that Mr. Mancini did not assist in the establishment of Bowtech's manufacturing operations or in the marketing or sales of the accused bows [Doc. 23].  In addition, defendants argue that Savage had nothing to do with Bowtech's design, manufacturing, marketing, or sales of any of its bows and likely has no involvement with this litigation, other than "needing to correct plaintiff's mistaken naming of Savage in this lawsuit" [*Id*.].

7

"sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality and the degree of convenience." *Id*. (quoting *Eaton v. Meathe*, No. 1:11-CV-178, 2011 WL 1898238, at *3 (W.D. Mich. May 18, 2011)).  With respect to non-party witnesses, the availability of compulsory process, related to the issue of convenience, is an important consideration for the court. *Id*. at *8.

Turning to the convenience of party witnesses, defendants have identified several individuals involved in the manufacturing of the accused products who are expected to be called at trial [Doc. 14].  While the Court finds that the testimony of these individuals could be important at trial, the Court does not find that defendants have carried their burden of showing that these party witnesses "will be unwilling to testify" if asked to do so.  *B.E. Tech.*, 2013 WL 3724950, at *5.  In addition, the Court recognizes that a corporation is normally able to make its employees available to testify when and where needed. *Id*.

With regard to non-party witnesses, defendants argue that perhaps the second most important witness in this case will be Mr. Pezzoni [Doc. 23].  Defendants submit that Mr. Pezzoni, who lives in Oregon, "will be a key witness in Bowtech's defense" and will be outside the subpoena power of this Court [*Id*].  Plaintiff, on the other hand, argues that the most important witness to this suit, Mr. Budd, would prefer that the case be held in Tennessee [Doc. 22].[3]

---

[3] To the extent that this Court considers the importance of plaintiff's proffered non-party witnesses within Tennessee that intend to testify concerning defendants' sale of the accused devices within the state, defendants have submitted that they readily admit that the accused products have been sold in Tennessee, thereby eliminating the need for plaintiff's witnesses.

The Court finds plaintiff's claim that Mr. Budd would prefer the case to be held in Tennessee insufficient to show inconvenience, particularly as Mr. Budd is married to the president of plaintiff KANL, LLC, and is a named inventor of the patent-in-suit. The Court also finds, upon review of the record, that it is important that Mr. Pezzoni be within the subpoena power of the forum court as he is no longer employed by defendant Bowtech and, therefore, has no personal interest in the outcome of this litigation. Thus, the Court concludes that the inconvenience of witnesses favors transfer.

### B.    Residence and Convenience of the Parties, Relative Financial Means of the Parties, Locus of Operative Facts, and Deference Accorded to Plaintiff's Choice of Forum

Defendants' primary argument for transfer is that because it, as the alleged infringer, is headquartered in Oregon, substantially all of the evidence relevant to the case is located in Oregon, so that the locus of operative facts and events that gave rise to the dispute are in Oregon [Doc. 14]. Defendants further argue that plaintiff's residence should be given little weight in this case because plaintiff is a "Non-Practicing Entity" that was created mainly for the purpose of bringing this suit against defendants [Doc. 23]. Additionally, defendants submit that the plaintiff's President, Mrs. Budd, resides in Michigan, and has little to do with the State of Tennessee, other than being listed as plaintiff KANL, LLC's President [*Id*.].[4]

This Court has previously noted that "[a] transfer of venue under 28 U.S.C. § 1404(a) must render the litigation more convenient as a whole; it cannot merely shift

---

[4] Defendants also proffer as proof of limited ties to Tennessee the fact that plaintiff KANL, LLC shares an address with that of its attorneys [Doc. 23].

inconvenience between the parties." *McKee Foods Kingman*, 474 F. Supp. 2d at 941. This Court has also held that "[t]he plaintiff's choice of forum is accorded some deference and given substantial weight, although it is not a dispositive factor." *Forward Air, Inc. v. Dedicated Xpress Servs., Inc.*, No. 2:01-CV-48, 2001 WL 34079306, at *6 (E.D. Tenn. Dec. 13, 2001). The Federal Circuit, however, has held that federal courts are not obligated to "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (finding that the plaintiff's connection to Texas, its choice of forum, was not sufficient where the plaintiff did not employ any individuals in their Texas office and was incorporated under the laws of Texas a mere sixteen days before filing suit); *see also In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding that no substantial weight should be given to the plaintiff's residence where the plaintiff's presence in the forum state staffed no employees, "appear[ed] to be recent, ephemeral, and an artifact of litigation.").

In this case, the majority of the documents and evidence related to the accused products are located in Oregon, while the majority of the documents and evidence related to the patent-in-suit are located in Michigan where Mr. Budd, the inventor of the named patent resides [Doc. 14; Doc. 22]. There is no evidence that any of the relevant documents are located in Tennessee. While plaintiff argues that transferring the case to Oregon would severely burden it as it is a small company with little financial means or resources, "[u]nless all parties reside in the selected jurisdiction, any litigation will be

10

more expensive for some than for others." *Moses*, 929 F.2d at 1139. Thus, the Court finds that given the lack of ties to Tennessee, this factor weighs in favor transfer.

Defendants also justify transfer by arguing that, in a patent case, the locus of operative facts is where the alleged infringing device was designed, manufactured, and sold. The Court recognizes that some courts have found that the locus of operative facts can include where either the patent-in-suit or the allegedly infringing product was designed, developed, and produced, so that this factor could be neutral to the issue of transfer. *See Easy Web Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 353–54 (E.D.N.Y. 2012) (citing *Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 413 (S.D.N.Y. 2010)). In determining that this factor was neutral, one district court based its decision on the fact that both of the proposed districts were loci of operative facts. *Id*. at 354. Here, however, only one locus of operative facts—the District of Oregon—is a proposed forum. The Court, therefore, finds that this factor weighs toward transfer.

Furthermore, the Court notes that while substantial deference is generally accorded to plaintiff's choice of forum, *see Forward Air, Inc.*, 2001 WL 34079306, at *6, such deference is not warranted in this case. The record indicates that plaintiff KANL, LLC was formed on April 15, 2013 [Doc. 22-3 ¶ 1], less than two weeks before it acquired the patent-in-suit [Doc. 23], and less than a month before it filed its complaint [Doc. 1]. The record also indicates that plaintiff only employs two individuals, its founding members, neither of whom reside within Tennessee [Doc. 23]. Based on these

11

facts, the Court gives minimal deference to plaintiff's choice of forum because the Court is not required to "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *In re Microsoft Corp.*, 630 F.3d at 1364; *see also In re Zimmer Holdings, Inc.*, 609 F.3d at 1381.

### C.  Interests of Justice

Defendants also offer various reasons for why transferring this action to Oregon would further the interests of justice, making particular reference to court congestion and the speed with which either district could dispose of the case [Doc. 14]. In support of their argument that judicial expediency warrants transfer to the District of Oregon, defendants submit declarations concerning United States District Court statistics to show that the median time to trial within the Eastern District of Tennessee was 27.3 months, as opposed to 21.0 months within the District of Oregon. Plaintiff, on the other hand, argues that the totality of circumstances weighs heavily against transfer, citing to several cases where defendant Bowtech has been named in patent infringement suits and has shown willingness and financial ability to travel across the country to litigate those cases [Doc. 22]. The Court finds that defendants' argument for judicial efficiency is speculative and does not account for several factors that may affect the judicial process. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) ("[C]ase-disposition statistics may not always tell the whole story."). Likewise, the Court is not persuaded by plaintiff's argument that transfer in this case is not warranted merely because defendants

12

have been forced to litigate outside of Oregon in previous cases. Therefore, the Court finds that this factor is neutral in this case.

Accordingly, upon review of the § 1404(a) factors, individually and when taken as a whole, the Court finds that defendants have met their burden of showing that transfer to the District of Oregon is warranted.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Doc. 14] will be **GRANTED** and this case will be **TRANSFERRED** to the United States District Court for the District of Oregon.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE